# EXHIBIT 1

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

## NOTICE OF CLASS ACTION, PROPOSED SETTLEMENT AGREEMENT, AND FAIRNESS HEARING.

**If you are African American, Black, and/or Hispanic and were employed by the Consumer Financial Protection Bureau ("CFPB" or "Bureau") at any time between February 13, 2011 and April 19, 2022, and served during that time in a non-supervisory position(s) that was (1) assigned to the Bureau's Office of Consumer Response, (2) in pay bands identified by the Bureau as 4, 4A, 4B, 40, 41, 5, 5A, 5B, 5C, 51, 52, 53, 6, 6A, or 60, and (3) classified by the Bureau as falling within occupational job series code 301 (except that serving in the following positions does not qualify you for class membership: Consumer Response Implementation Manager (position description #110090), Consumer Response Manager (Quality Control) (position description #111410), Policy Analyst (position description #110210), or Consumer Response Analyst (position description #110770)), <u>a class action settlement will affect your rights</u>.**

*A federal court has authorized this notice. This is not a solicitation from a lawyer.*

On [*preliminary approval date*], Judge Beryl A. Howell of the U.S. District Court for the District of Columbia granted preliminary approval of a proposed class action settlement in the lawsuit *Jones v. Chopra*, Civil Action No. 18-cv-2132. The Court ordered this notice to inform you of your rights and options under the Settlement. The proposed Settlement will provide a Settlement Fund of $6 million for a class of certain African American, Black, and/or Hispanic CFPB employees to resolve claims of race discrimination and retaliation against the Bureau.

| Your Legal Rights and Options in this Settlement: | |
|---|---|
| **Do Nothing (for now) and Wait** | **Wait for the Court. Stay in the lawsuit. Seek money if the Court approves the Settlement. Give up certain rights.** <br><br> The Court still must decide whether to approve the Settlement. If you wish to participate in the Settlement, you may wait for further notice. If the Court approves the Settlement, you will be mailed a separate notice about your rights and what you must do to seek money from the Settlement. |
| **Exclude Yourself (Opt Out)** | **Opt out of the Settlement's monetary relief. Receive no money from the Settlement. Keep any rights to sue CFPB separately for the claims in this lawsuit.** <br><br> **You must opt out, or seek exclusion from, the Settlement by [*45 days after mailing Notice*].** |
| **Comment or Object** | **Write to the Court about your view of the Settlement or why you don't think it is fair to the class.** <br><br> **You must object to the Settlement by [*45 days after mailing Notice*]** |

These options—**and the deadlines to exercise them**—are explained in this notice.

**What This Notice Contains**

**TABLE OF CONTENTS**

1.  Purpose of This Notice..................................................................................................2

2.  Background: About the Lawsuit...................................................................................2

3.  Class Definition............................................................................................................3

4.  Summary of Settlement Terms......................................................................................4

5.  How to Proceed: Your Options ....................................................................................4

6.  What Will Happen If the Settlement Is Approved .......................................................6

7.  Release .........................................................................................................................6

8.  How Will My Settlement Award Be Calculated?.........................................................6

9.  Are There Tax Consequences for Any Money I Might Get?........................................8

10. The Lawyers Representing You and the Class..............................................................8

11. Terms and Payments Specific to the Named Plaintiffs................................................9

12. The Fairness Hearing...................................................................................................9

13. Getting More Information.............................................................................................9

## 1.      Purpose of This Notice

The purpose of this notice is to inform you about: (i) this lawsuit, (ii) the Settlement and Settlement Class definition that the Court has preliminarily approved, and (iii) your legal rights and options in connection with the Settlement and a hearing to be held before the Court on [*date of Fairness Hearing*], to consider the fairness, reasonableness, and adequacy of the Settlement and related matters. This notice also describes the steps to be taken by those who wish to be excluded from the Class or to object to the Settlement, and, for those who remain in the Class, the steps necessary to seek a share of the Settlement Fund if the Court approves the Settlement.

## 2.      Background: About the Lawsuit

In 2014, Plaintiffs Carzanna Jones and Heynard Paz-Chow retained Class Counsel to represent them with respect to their claims of race discrimination in employment against the Consumer Financial Protection Bureau. On July 25, 2014, Paz-Chow filed an Equal Employment Opportunity ("EEO") administrative complaint alleging discrimination and retaliation with the Bureau's Office of Civil Rights. On November 12, 2014, Jones filed an EEO administrative complaint alleging discrimination and retaliation with the Bureau's Office of Civil Rights, also alleging systemic discrimination against herself and other similarly situated employees. On September 13, 2018, Jones and Paz-Chow filed a complaint (the "Complaint") in the Court to initiate a putative class action on behalf of themselves and others similarly situated against the Defendants pursuant to 42

U.S.C. § 2000 *et seq.*, among other claims. This Complaint alleged, among other things, that Blacks or African Americans and Hispanics employed as Consumer Response Specialists were subjected to and harmed by the Bureau's agency-wide discriminatory and retaliatory policies and practices, including paying the Named Plaintiffs lower wages than non-minority employees because of their race or color, and discrimination in other terms and conditions of their employment. On December 6, 2018, the Complaint was amended, with leave of Court. The amended complaint describes Plaintiffs' claims and can be found at [*insert website url*]. The lawsuit is known as *Jones, et al. v. Chopra et al.*, Civil Action No. 18-cv-2132.

The Bureau denied and continues to deny all of the allegations and claims asserted in this lawsuit, including alleged liability under federal, state, or local anti-discrimination laws, and denies that the Named Plaintiffs or Class Members are entitled to any relief. The Court has not made, and will not make, any determination on the merits of this matter or decide who is right and who is wrong. By entering into the proposed Settlement, the Bureau does not admit any wrongdoing. The Settlement resolves claims of race and color discrimination, harassment, and retaliation in terms and conditions of employment, including claims brought or that could have been brought in the lawsuit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, as well as state and local anti-discrimination laws.

The Court has reviewed the Settlement and has preliminarily approved it as being fair, adequate, and reasonable. Before deciding whether to give the Settlement Final Approval, the Court wishes to inform the Class of the general terms of the Settlement and of the right of Class Members to comment on, or to opt out of, the Settlement.

## 3. Class Definition

You are a member of the Class affected by the Settlement if you fit within this definition:

> Black, African American, and/or Hispanic employees of the Bureau who, at any time between February 13, 2011 and April 19, 2022, served in a non-supervisory position(s) that was assigned to the Bureau's Office of Consumer Response, that was in pay bands identified by the Bureau as 4, 4A, 4B, 40, 41, 5, 5A, 5B, 5C, 51, 52, 53, 6, 6A, or 60, and that was classified by the Bureau as falling within occupational job series code 301 (except that service in any of the following positions does not make an individual eligible to be a member of the class: Consumer Response Implementation Manager (associated with position description number 110090), Consumer Response Manager (Quality Control) (associated with position description number 111410), Policy Analyst (associated with position description number 110210), or Consumer Response Analyst (associated with position description number 110770).

If you received this notice in a mailing addressed to you, then the Bureau's records show that you are a Class Member, *i.e.*, that you fit the definition above. If so, you have legal rights and options that you can exercise before the Court finally approves the Settlement.

### 4. Summary of Settlement Terms

The Bureau has agreed to create a Settlement Fund in the total amount of $6 million. The Settlement Fund will cover payments to Class Members, service awards to the Named Plaintiffs, Class Counsel's attorneys' fees and costs, employer payroll taxes, and the costs of administering the Settlement Fund.

The Bureau has also agreed to provide training and information on the rules for making a complaint of discrimination through the National Treasury Employees Union or through the Equal Employment Opportunity process.

### 5. How to Proceed: Your Options

**Option A: Do Nothing (for Now) and Wait Until the Court Decides on Final Approval of the Settlement**

The Court still must decide whether to grant Final Approval of the Settlement. If you wish to participate in the Settlement, and do not wish to comment or object, you may do nothing in response to this Notice and wait for further Notice from the Court. If the Court approves the Settlement, you will receive a separate Notice advising you of your rights and the process and deadlines by which you may act to receive a payment from the Settlement Fund.

**Option B: Opt Out and Exclude Yourself from the Settlement**

If you do not want to participate in the Settlement, but wish to retain your own rights to sue the Bureau separately for the legal claims covered by this Settlement, you must request to opt out of, or be excluded from, this Settlement. If you opt out, you will not be eligible for any monetary award from the Settlement. However, you will keep any rights you might have to sue the Bureau separately for the legal claims covered by this Settlement. You may not opt out of the programmatic relief of the Settlement.

If you wish to opt out, you must mail a written, signed statement that you are opting out of the Settlement to the Claims Administrator, at the address listed below. To be effective, this opt out statement must be postmarked on or before [*forty-five (45) days after the Notice was mailed to Class Members*] and include the following language:

> I hereby opt out of the class action settlement in the lawsuit *Jones v. Chopra,* Civil Action No. 18-2132 in the United States District Court for the District of Columbia. I understand that by requesting to be excluded from the monetary settlement in this case, I will receive no money from the Settlement Fund created under the Settlement Agreement. I understand that I may bring a separate legal action seeking damages for claims that I would have released as part of this settlement if I did not opt out, but I might receive nothing or less than what I would have received if I had filed a claim under the class monetary settlement procedure in this case. I also understand that I may not seek exclusion from the class with respect to injunctive relief and that I am bound by the injunctive provisions of the Settlement Agreement.

The address of the Claims Administrator is:

Address
Address
Address
Address

If you submit an opt out, you may rescind your opt out (*i.e.*, you may change your mind and stay in the Class). To be effective, such rescissions must be submitted in writing and received by the Claims Administrator by [*date*], which is one day before the Fairness Hearing on [*Fairness Hearing Date*].

Class Members who submit timely and valid requests for exclusion will have no right to object to the monetary relief or related claims resolution process in Court and will no longer be represented by Class Counsel.

You may not opt out of the programmatic relief to be provided as part of this Settlement.

**Option C: Comment On or Object to the Settlement**

The Court must assess the overall fairness and reasonableness of the Settlement to the Class. Class Members who have not opted out may comment on or object to the Settlement's programmatic relief and to the monetary relief. Class Members who have opted out may not object to or comment on the monetary relief, but may object to or comment on the injunctive relief.

In order to have your comment or objection to the Settlement considered by the Court or to speak at the Fairness Hearing, you must submit a written comment or objection to the Settlement prior to the Fairness Hearing that includes a detailed description of the basis of the comment or objection. The objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class, and also state with specificity the grounds for the objection. You do not need to be represented by counsel to comment on or object to the Settlement.

Comments or objections must be filed with the Court, with copies served on and sent via e-mail to Class Counsel and Counsel for the Bureau no later than [*45 days after this Notice is mailed*].

The address of Class Counsel is:

Linda D. Friedman
George S. Robot
Stowell & Friedman, Ltd**.**
303 W. Madison, Suite 2600
Chicago, IL 60606-3395
lfriedman@sfltd.com
grobot@sfltd.com

The address of counsel for the Bureau is:

Deputy General Counsel for the Office of Litigation
Legal Division
Consumer Financial Protection Bureau
1700 G. St. NW
Washington, DC 20552
cfpb_litigation@cfpb.gov

Only Settlement Class Members who timely file and serve their signed, written objections and state in writing their intent to appear at the Fairness hearing may appear at the Fairness Hearing. No one may appear at the Fairness Hearing for the purpose of objecting to the Settlement Agreement without first having filed and served their objection(s) in writing no later than [*45 days*

*after this Notice is mailed*].

**6.      What Will Happen If the Settlement Is Approved**

If you do not opt out, you will remain a part of the Settlement Class and be eligible to seek payment from the Settlement Fund. The Court will hold the Fairness Hearing and you, as a Class Member, will be represented by Class Counsel at no cost to you. If the Court gives Final Approval to the Settlement, you will receive a separate notice called the "Final Notice" advising you of your rights and the process to receive a payment from the Settlement Fund. This process is described in section 8 of this notice.

**7.      Release**

If the Court grants Final Approval of the Settlement, then all Settlement Class Members who do not opt out will release the Bureau from all employment-related claims of race and color discrimination, harassment, and retaliation that relate to each Settlement Class Member's employment in a position that qualifies for class membership. To "release" a claim means that you cannot sue the Bureau or related parties for any of the claims covered by the release. Unless you opt out of the Settlement, you will be covered by the release and lose your claims, even if you do not submit a Claim Form for a Discretionary Award (discussed further below).

**8.      How Will My Settlement Award Be Calculated?**

Each Class Member, including you, will be eligible for a Monetary Award from the Settlement Fund. There are two types of Monetary Awards, and you will be eligible for both. The Monetary Awards are called the Time in-Pay Band Award and the Discretionary Award. You do not have to take action now, and instructions will be included in the Final Notice that will be sent to you if the Court approves the Settlement Agreement.

**Time in Pay Band Award**

If the Court approves the Settlement Agreement, you will have to fill out and submit to the Claims Administrator IRS Form W-4 and/or W-9 in order to receive a Time in Pay Band Award. You do not need to submit that form until you are instructed to do so in the Final Notice.

The Time in Pay Band Award is calculated based on how long you worked in a particular pay band between February 13, 2011 and December 31, 2022 while meeting the criteria of the class, meaning that you (1) were assigned to the Bureau's Office of Consumer Response, (2) worked in a non-supervisory position in the 301 job series, (3) were in a pay band identified by the Bureau as 4, 4A, 40, 41, 5, 5A, 52, 53, 6, 6A, or 60, **and** (4) were not employed as a Consumer Response Implementation Manager (associated with position description number 110090), a Consumer Response Manager (Quality Control) (associated with position description number 111410), a Policy Analyst (associated with position description number 110210), or a Consumer Response Analyst (associated with position description number 110770)).

The Time in Pay Band Award will be calculated based on the following formula:

| Payment Per Year in Which Settlement Class Member Met Class Definition | Pay Band |
|---|---|
| $5,250 | Pay Bands 4A, 4B, 40, or 41 |
| $4,500 | Pay Band 5A or 51 |
| $4,000 | Pay Band 5B or 52 |
| $1,500 | Pay Band 5C or 53 |
| $500 | Pay Band 6 or 60 |

A Special Master appointed by the Court will determine your Time in Pay Band Award. If after the Special Master determines your Time in Pay Band Award you believe the amount of your Time in Pay Band award is incorrect, you may submit a request for correction and any supporting documentation. The Special Master will review these materials and issue an additional Time in Pay Band Award if necessary. Aside from this opportunity to submit a request for correction, all Time in Pay Band Awards are final, binding, and non-appealable and you will not have the right to challenge the Time in Pay Band Award approved by the Special Master.

**Discretionary Award**

If the Court approves the Settlement Agreement, you will have to fill out and submit to the Claims Administrator a Claim Form and IRS Forms W-4 and/or W-9 in order to receive a Discretionary Award. You do not need to submit this information until you are instructed to do so in the Final Notice.

A Claim Form must be completed in its entirety, including responding to questions seeking evidence of alleged (a) race discrimination, (b) retaliation, (c) financial losses, and (d) any emotional distress. To seek financial recovery for any period after your employment with the Bureau, you must submit documentary evidence of post-CFPB income and work history, including employment search history and other efforts to obtain employment. To seek financial recovery for alleged emotional distress, you must complete the section of the Claim Form regarding emotional distress and may submit any additional documentation you deem appropriate.

The Special Master appointed by the Court and/or a Neutral that works with the Special Master will assess your claim and determine a Discretionary Award based on all available information and the individual facts and circumstances of your claim and all claims submitted by Settlement Class Members.

Class Counsel will be available to assist Class Members in the claims resolution process. You may also retain your own attorney to assist you in this process, at your own expense. Your Claim Form will remain strictly confidential and will be disclosed to only Class Counsel, the Special Master,

and any Neutral evaluating your claim. Neither your Claim Form nor the contents thereof will be disclosed to the Bureau.

All Discretionary Awards will be reviewed and approved by the Special Master appointed by the Court to make sure they are fair and consistent. You will not have a right to challenge the Discretionary Award approved by the Special Master. All Discretionary Awards are final, binding, and non-appealable.

## 9.   Are There Tax Consequences for Any Money I Might Get?

Yes, any award you receive from the Settlement Fund will have tax consequences for you. The Special Master will be responsible for allocating any monetary payments appropriately between different types of income or monetary compensation (*e.g.*, wages, interest, emotional distress). The Claims Administrator will withhold, remit, and report your share of payroll taxes from the Settlement Fund based on the W-4 form you fill out. Ultimately, you will be responsible for any and all individual taxes owed on any Monetary Award.

Class Counsel are not tax advisors and cannot give you advice on any tax matters. Class Counsel urge you to consult your tax advisor for answers to any questions you may have about the tax implications of any potential award. The Bureau makes and has made no representations as to the taxability of any portion of any award you receive from the Settlement Fund.

## 10.   The Lawyers Representing You and the Class

As a Settlement Class Member, you are represented in this litigation by Class Counsel:

Linda D. Friedman
George S. Robot
Stowell & Friedman, Ltd.
303 W. Madison, Suite 2600
Chicago, IL 60606-3395
Telephone: (312) 431-0888
lfriedman@sfltd.com
grobot@sfltd.com

Unless you opt out, you will continue to be represented by Class Counsel in connection with implementation of the Settlement at no cost to you. Although it is not required, you may, if you wish, retain your own attorney at your own expense.

**How Will the Lawyers Be Paid?**

Class Counsel have pursued these claims on behalf of the Named Plaintiffs and the Class without receiving any compensation for their services or reimbursement of the litigation expenses they incurred. If you are a Class Member and receive an award from the Settlement Fund, you will not owe any fees or expenses to the lawyers who have represented you as part of the Class. As is common in class action cases, Class Counsel will ask the Court to award them attorneys' fees of not more than 25% of the Settlement Fund, plus reimbursement of their reasonable litigation expenses. The Court will decide how much to award Class Counsel for fees and expenses, which

will be paid from the Settlement Fund.

## 11.    Terms and Payments Specific to the Named Plaintiffs

Class Members have been represented in this litigation by Named Plaintiffs Carzanna Jones and Heynard Paz-Chow. The Named Plaintiffs may participate in the Settlement claims process just like any other Class Member. In addition, Class Counsel will ask the Court to grant service awards of $50,000 for each of the Named Plaintiffs. Class Counsel will argue that these awards would recognize the benefits the Named Plaintiffs achieved for the Class, the risks they faced in bringing the case, and the time they spent pursuing the lawsuit and the Settlement for Class Members.

## 12.    The Fairness Hearing

The Fairness Hearing on the Settlement will be held at _____ a.m./p.m. on _____, 2023, in the courtroom of the Honorable Beryl A. Howell at the United States District Court for the District of Columbia, 333 Constitution Avenue NW, Washington, DC 20001. At this hearing, the Court will determine whether the proposed Settlement is fair, reasonable, and adequate and whether it should be approved. The Court will also consider the amount of fees and expenses to award to Class Counsel, the amount of the service awards to grant to the Named Plaintiffs, and whether, in accordance with the Settlement, an order and judgment should be entered bringing the lawsuit to an end.

### Do I Have to Come to the Fairness Hearing?

No. You are not required to come to the hearing, but you are welcome to come at your own expense. Class Counsel will appear at the Fairness Hearing on behalf of all Class Members at no cost to you. If you file and serve an objection by the deadline, you may but do not have to come to Court to talk about it. If you do not file and serve an objection by the deadline, you cannot object to the settlement at the Fairness Hearing. As long as you filed your written objection as explained above, the Court will consider it. You may also hire a lawyer to attend for you, but it is not required. If the Court gives final approval to this Settlement, the Court's judgment will be final and binding on all Class Members who have not timely opted out.

## 13.    Getting More Information

If you have further questions, you can get free help at [*insert website url*], by calling the Claims Administrator at [*number*], or by calling or writing to Class Counsel in this case at the contact number/address listed in section 10.

This Notice contains only a summary of the terms of the Settlement. For further information, the complete terms of the Settlement Agreement, and numerous other documents connected with the Settlement, are available for review and/or download at [*insert website url*].

**<u>Again, the important deadlines are:</u>**

**Last Day to Opt Out of the Settlement Class**: [*45 days after mailing notice*]
**Last Day to Object to the Settlement**: [*45 days after mailing notice*]
**Fairness Hearing:** [*to be set by the Court*]

**PLEASE DO NOT CALL OR CONTACT THE COURT, THE OFFICE OF THE CLERK OF COURT, OR THE CFPB WITH QUESTIONS REGARDING THIS NOTICE.**